FILED
05/23/2022
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Rachel Faber
DV-15-2022-0000568-BC
Allison, Robert B
1.00

Sarah D. Simkins
Johnson, Berg & Saxby, PLLP
221 First Avenue East
P.O. Box 3038
Kalispell, Montana 59903-3038
Telephone: (406) 755-5535
Facsimile: (406) 756-9436

Attorneys for Jason Winkler

# MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| JASON WINKLER, | Cause No. DV-22-____ |
|---|---|
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| WIPFLI, LLP and John Does 1 - 100, | |
| Defendants. | |

COMES NOW Jason Winkler ("Winkler"), by and through counsel, and for his *Complaint and Demand for Jury Trial* against Defendants, alleges as follows:

## PARTIES AND JURISDICTION

1. Winkler is an individual residing in Kalispell, Flathead County, Montana.

2. Upon information and belief, Wipfli, LLP ("Wipfli") is a limited liability partnership registered to conduct business and conducting business in the State of Montana at its office located at 14 3rd Street East, Suite 200, Kalispell, Montana.

3. At the present moment there are other individuals and/or entities that may share in liability and whose identity is unknown, and therefore identified as JOHN DOES 1-100. If and when the identity of any party and/or entity that may share in the liabilities

Page 1

Exhibit B

discussed herein is discovered, Winkler may move to amend his *Complaint and Demand for Jury Trial* to specifically identify said Defendants.

4. JOHN DOES 1-100 are named as Defendants pursuant to Mont. Code Ann. §25-5-103 in the event discovery reveals, after the statute of limitations expires, that persons and/or entities are responsible to Winkler for some or all of the causes of action set forth in his *Complaint and Demand for Jury Trial*.

5. This Court has jurisdiction over the parties and venue in Flathead County is proper.

## **GENERAL ALLEGATIONS**

6. Winkler incorporates ¶¶1-5 herein as if fully set forth hereat.

7. Winkler was a Senior Manager of Business Development at Wipfli.

8. In or around 2017, Winkler was contemplating leaving Wipfli, and appraised Wipfli of same.

9. In an effort to induce Winkler to remain with the company, Wipfli offered, and Winkler accepted, an increase in his compensation wherein he would receive an additional 1% commission on all commissions earned by Winkler, and a performance bonus calculated based on an amount equal to the percentage of margin that Winkler's base salary contributed to the aggregate margin of compensation to goal.

10. In or around July 14, 2020, Wipfli presented Winkler with a Commission Plan which provided a different formula for calculating commissions.

11. Winkler was told if he did not sign the Commission Plan, he would not receive any of the commissions earned by him, but not yet paid by Wipfli during calendar year 2020, and that his future opportunities to advance at Wipfli would be jeopardized.

12. Because of the statements made by Wipfli regarding Winker's earned commissions, as well as its threats with respect to Winker's future with the company, Winkler signed the Commission Plan on July 17, 2020.

13. Winkler resigned from Wipfli on July 27, 2021.

14. Wipfli failed and/or refused to pay Winkler in accordance with the parties' 2017 agreement.

15. Wipfli failed and/or refused to pay Winkler in accordance with the 2020 Commission Plan executed by Winkler.

16. In late 2021, Winkler met with Wipfli's in-house counsel to discuss Wipfli's failure to pay Winkler.

17. Wipfli's counsel informed Winkler that he would need to hire legal counsel if he wanted to seek payment for the commissions and bonuses earned by him prior to his departure from the company.

18. To date, Wipfli has failed and/or refused to pay Winkler for the commissions and bonuses earned by him during the course of his employment at Wipfli.

## COUNT I: BREACH OF CONTRACT

19. Winkler incorporates ¶¶1-18 above as if fully set forth hereat.

20. Wipfli and Winkler agreed in calendar 2017, that in exchange for Winkler's agreement to stay at Wipfli, Winkler would receive an additional 1% commission and a performance bonus.

21. Wipfli has failed and/or refused to pay Winkler in accordance with the parties' agreement.

22. Wipfli's failure to pay Winkler additional commission and performance bonus constitutes a breach of contract by Wipfli.

23. As a result of said breach, Winkler has suffered damages in an amount to be proven at the time of trial.

## COUNT II: BREACH OF CONTRACT

24. Winkler incorporates ¶¶1-23 above as if fully set forth hereat.

25. Wipfli has failed and/or refused to pay Winkler in accordance with the 2020 Commission Plan.

26. Wipfli's failure to pay Winkler in accordance with the 2020 Commission Plan constitutes a breach of contract by Wipfli.

27. As a result of said breach, Winkler has suffered damages in an amount to be proven at the time of trial.

## COUNT III: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

28. Winkler incorporates ¶¶1-27 above as if fully set forth hereat.

29. Wipfli's actions in connection with its negotiation and performance of its contractual obligations to Winkler constitutes a breach of the implied covenant of good faith and fair dealing by Wipfli.

30. As a result of Wipfli's breach of the covenant of good faith and fair dealing, Winkler has been damaged in an amount to be proven at the time of trial.

## COUNT IV: DECLARATORY RELIEF

31. Winkler incorporates ¶¶1-30 above as if fully set forth hereat.

32. Pursuant to Mont. Code Ann. 27-8-101, et seq., this Court has the power to declare the rights of parties to this dispute, and to award either affirmative or negative relief in the form of a final judgment or decree.

33. Winkler seeks a declaration from the Court that Wipfli breached its contracts with Winkler and that Winkler is entitled to monetary judgment, including a judgment for attorney fees and costs, in connection with those breaches.

WHEREFORE, Winkler prays as follows:

1. For all general and special damages caused by Wipfli and John Does 1-100;
2. For costs, expenses and reasonable attorney fees incurred in the prosecution of this action as provided by Montana law including Montana's Uniform Declaratory Judgments Act;
3. For pre and post judgment interest as allowed by law; and
4. For such other and further relief as the Court deems just and equitable.

DATED this 23rd day of May, 2022.

JOHNSON, BERG & SAXBY, PLLP

By: /s/ Sarah D. Simkins
Sarah D. Simkins
Attorneys for Plaintiff
P.O. Box 3038
Kalispell, Montana 59903-3038

## JURY DEMAND

Winkler demands a trial by jury on all issues so triable.

DATED this 23rd day of May, 2022.

JOHNSON, BERG & SAXBY, PLLP

By: /s/ Sarah D. Simkins
Sarah D. Simkins
Attorneys for Plaintiff
P.O. Box 3038
Kalispell, MT 59903-3038